## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:14-CV-81483-ROSENBERG

CAMILO K SALAS, III,

     Plaintiff,

v.

WELLINGTON EQUIN ASSOCIATES, et al.,

     Defendants.

_____/

### ORDER GRANTING DEFENDANTS' EMERGENCY MOTION
### AND DISSOLVING LIS PENDENS

**THIS CAUSE** is before the Court upon Defendants', Schachter 5320, LLC, Schachter Management, LLC, Ben Schachter, and Kathryn Schachter (collectively "Schachter Defendants"), Verified Emergency Motion to Dissolve Lis Pendens and for Sanctions [DE 13] (the "Motion"), filed on January 27, 2015. Because the Motion involved a closing scheduled for January 30, 2015, the Court set the Motion for hearing on January 28, 2015. The *pro se* Plaintiff, who is unable to file documents electronically through CM/ECF, emailed his response to Defendants' Motion to the Court and all parties involved in anticipation of the hearing. He filed his response with the Clerk of Court the day of the hearing.[1]

Plaintiff filed his Complaint on November 26, 2014. Plaintiff's claims stem from a surgery which Defendants performed on Plaintiff's horse, and the treatment the horse received post-surgery. *See id.* ¶¶ 34–43. The allegedly deficient treatment was due in part, Plaintiff alleges, to the fact that Wellington Equine Associates lacked the proper equipment to fully address the horse's needs. *See id.* ¶¶ 41–43. As a result of Defendants' actions during the surgery

---

[1] The Court allowed both sides to present evidence at the hearing. The Court has considered each party's Composite Exhibit #1, presented at the hearing, and given the items contained within the Exhibits their due weight. Neither side objected to the Court's consideration of the Exhibits in this fashion.

and afterwards, Plaintiff alleges the horse grew ill. *See id.* ¶¶ 45–48. Plaintiff has alleged other misconduct relating to the surgery at Wellington Equine Associates, *see, e.g.*, *id.* ¶ 50 (alleging that Defendant Ben Schachter failed to provide medical records), but his claims center around the allegedly botched surgery.

Most relevant to this Motion are Counts VI and VII, which mention one of the two parcels of property for which Plaintiff has filed a lis pendens. Plaintiff has titled Count VI "Liability of Schachter 5320, L.L.C." In this Count, Plaintiff adopts by reference previous allegations and then states, "As owner of the premises located at 5320 South Shore Blvd., Wellington, Florida 33449, Schachter 5320, L.L.C. is liable for the deficient and/or negligent condition of its premises, as described above." *See id.* ¶ 74. In Count VII, Plaintiff argues that the Schachter Defendants—both those bringing this Motion, and others named in the suit—with the exception of Defendant Kathryn Schachter, "are single owner entities which operate out of the same facility located at 5320 South Shore Blvd., Wellington, Florida 33449." *Id.* ¶ 76. Plaintiff argues that Defendant Ben Schachter controls the entities and uses them for his own benefit "with disregard of corporate formalities and to hide his assets and to shield his assets from his creditors," and that accordingly, "the corporate entities should be disregarded." *Id.*

Also relevant is Plaintiff's prayer for relief. In his prayer, Plaintiff requests the following: damages to cover the medical treatment required by the horse as a result of Defendants' alleged veterinary malpractice; "[e]conomic, property, and compensatory damages" for damage done to the horse, loss of his use of the horse, and the time he spent caring for the horse and arranging for its treatment; punitive damages; and pre-judgment and post-judgment interest. *See id.* at 31.

On January 22, 2015, Plaintiff filed two Notices of Lis Pendens: one for property located at 5340 S. Shore Blvd., Wellington, Florida 33449 (DE 9, "the 5340 property"), and one for property located at 5320 S. Shore Blvd., Wellington, Florida 33449 (DE 10, "the 5320

property"). Defendants filed this Motion to dissolve the lis pendens as an emergency motion because Defendant Schachter 5320, LLC has contracted to sell these properties to Rood and Riddle Real Estate, LLC (the "Buyer") and closing is scheduled for January 30, 2015 with a purchase price of $4,400,000.00. *See* DE 13 at 2; *see also* DE 18 (certifying that the matter is a true emergency).

In the instant motion, Defendants assert that the Court should dissolve the lis pendens or, in the alternative, require Plaintiff to post a $4,400,000.00 bond, because a lis pendens is inappropriate in the constant of the instant action. For the reasons discussed below, the Court agrees with Defendants and dissolves both lis pendens, DE 9 and DE 10.

"Unless an initial pleading shows that an action is founded on a duly recorded instrument concerning the real property described in the lis pendens, the court has the power to control the notice of lis pendens by discharging it or by requiring the party who filed the lis pendens to post a bond." *DeGuzman v. Balsini*, 930 So. 2d 752, 754 (Fla. Dist. Ct. App. 2006).[2] "A lis pendens is not an appropriate instrument for use in promoting recoveries in actions for money judgments." *Id.* at 754 (citing 51 Am. Jur. 2d *Lis Pendens* § 28 (2000)). "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." *Sheehan v. Reinhardt* ex rel. *Estate of Warren*, 988 So. 2d 1289, 1291 (Fla. Dist. Ct. App. 2008) (quoting *DeGuzman*, 930 So. 2d at 755).

The Court finds that Plaintiff's filing of both lis pendens was unauthorized. Plaintiff's argument, as the Court discerns from the hearing and from his Response, is that the Schachter Defendants' actions have created some sort of cloud on the title, whether it be by an unfulfilled

---

[2] Plaintiff has contended that Defendants are not entitled to rely upon *DeGuzman* due to amendments made to the underlying Florida statutes in 2009. However, Florida courts have continued to rely upon *DeGuzman* after the 2009 amendments and this Court does the same. *See, e.g.*, *Blue Star Palms, LLC v. LED Trust, LLC*, 128 So. 3d 36, 39 (citing *DeGuzman*).

lien he (Plaintiff) maintains on the property, or by improper transfer of the property among the Schachter Defendants. Plaintiff does not allege the existence of a lien relevant to the properties in his Complaint. Nor does he argue that transfer was improper, except to the extent it relates to his argument that the corporate entities involved should be disregarded. It is clear from Plaintiff's Complaint that he is attempting to recover damages as a result of his alleged losses, and "the title to or the right of possession of real property" is only involved to the extent that Plaintiff considers the relevant property a vehicle for his monetary recovery.[3] Thus, it cannot fairly be said that his action is "founded on a duly recorded instrument concerning the real property described in the lis pendens." *DeGuzman*, 930 So. 2d at 754. Both lis pendens should be dissolved.

**ORDERED AND ADJUDGED** that Defendants' Verified Emergency Motion to Dissolve Lis Pendens and for Sanctions [DE 13] is **GRANTED**, in that the lis pendens for property located at 5340 S. Shore Blvd., Wellington, Florida 33449 [DE 9] and the lis pendens for property located at 5320 S. Shore Blvd., Wellington, Florida 33449 [DE 10] are both **DISSOLVED**. The Motion is **DENIED WITHOUT PREJUDICE** as to sanctions. Defendants may raise the issue again at the close of this litigation.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 28th day of January, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

---

[3] In fact, as noted above, only one of the two parcels for which Plaintiff has filed a lis pendens, the 5320 property, is mentioned in the Complaint.