UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:14-CV-81483-ROSENBERG/BRANNON

CAMILO K SALAS, III,

    Plaintiff,

v.

WELLINGTON EQUINE ASSOCIATES,
SCHACHTER 5320, L.L.C., SCHACHTER D.V.M.,
L.L.C., SCHACHTER MANAGEMENT, L.L.C.,
SCHACTER NOTES, L.L.C., KATHRYN B.
SCHACHTER, ALAN J. NIXON, D.V.M., CORNELL
UNIVERSITY, BEN L. SCHACHTER, D.V.M., and
BEN L. SCHACHTER, D.V.M., INC.,

    Defendants.
_____/

## OMNIBUS ORDER

This cause is before the Court on Defendant Schachter 5320, L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 33], Defendant Kathryn B. Schachter's Motion to Dismiss Complaint for Failure to State a Claim [DE 45], Defendant Schachter, D.V.M., L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 46], Defendant Schachter Management, L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 47], Defendant Schachter Notes, L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 48], and Defendant Ben L. Schachter, D.V.M., Inc.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 49] (collectively "Motions"). The Motions have been fully briefed by both sides. A hearing was held on the Motions on March 26, 2015.[1] The Court has reviewed the documents in this case file and is otherwise fully advised in the premises.

---

[1] Although this Order simply restates the comments made by the Court on the record, the Court's oral ruling is incorporated into this Order as well.

1

## I.     BACKGROUND[2]

Plaintiff, Camilo K. Salas, III, contacted Wellington Equine Associates ("WEA"[3]) in October of 2012 to discuss bringing his horse, a competitive "jumper horse," to WEA for treatment. Compl. ¶¶ 26–27. The horse required an annular ligament resection, which is a surgical procedure that WEA's website described as "minimally invasive." *Id.* ¶ 26. After speaking with Dr. Ben Schachter ("Dr. Schachter"), the founder and owner of WEA, Plaintiff decided to ship his horse to WEA for the treatment. *Id.* ¶¶ 28–29. Once at WEA the horse underwent the surgical procedure. *See id.* ¶¶ 35–37. As a result of the procedure, Plaintiff's horse developed laminitis. *Id.* ¶ 46. Dr. Schachter subsequently recommended that the horse be euthanized. *Id.* ¶ 48. Plaintiff refused to euthanize the horse, which ultimately lived after extensive treatment. *Id.* ¶¶ 48–49. However, the horse was no longer able to compete as a jumper. *Id.* ¶ 49.

Plaintiff was dissatisfied with the services WEA and its staff rendered. Accordingly, he has filed suit against WEA and its staff members/assisting physicians. Plaintiff has also sued a number of corporate entities tied to WEA and the Schachter family. As relevant to the Motions before the Court, Plaintiff alleges the following:

### A.     Fraudulent Misrepresentation (Count V)

Count V alleges that Ben L. Schachter, D.V.M., Ben L. Schachter, D.V.M., Inc. Wellington Equine Associates, Schachter 5320, L.L.C., Schachter D.V.M., L.L.C., Schachter Management, L.L.C., Schachter Notes, L.L.C., and Kathryn B. Schachter "committed fraud by misrepresenting the services they could reasonably provide." Defendants Kathryn B. Schachter

---

[2] Because the Court accepts all of the allegations in the Plaintiff's Complaint as true for the purposes of the motion to dismiss before the Court, the following background facts are taken from the Plaintiff's Complaint. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012).

[3] The Court generally uses the acronym "WEA" to refer to WEA and its staff. Where it is necessary to distinguish between staff members and/or defendants, the Court has done so.

("Mrs. Schachter"), Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C. have moved to dismiss Count V.[4]

### i. Mrs. Schachter

Mrs. Schachter worked for WEA as its Clinic Manager and Nurse Anesthetist prior to February 11, 2014. *Id.* ¶¶ 12, 22. She participated in the surgery performed by WEA on Plaintiff's horse, assisting as the nurse anesthetist. *Id.* ¶¶ 35–36. During the surgery she told Dr. Schachter and Dr. Nixon that "we have to speed it up," and afterwards she remarked that "the operation was too long." *Id.* ¶¶ 36–37.

### ii. Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C.

As for Defendants Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C., there are no allegations that these defendants made any statements relevant to the instant action, let alone false ones. Plaintiff admitted this at the hearing.

### B. Deficient Premises (Count VI)

With respect to Defendant Schachter 5320, L.L.C., the owner of the land upon which WEA is located, Plaintiff alleges that the premises were deficient because WEA did not have an Anderson U.C. Davis Large Animal Lift ("Anderson Lift") to assist the horse with anesthesia recovery.[5] *Id.* ¶¶ 39–42, 74. Plaintiff was sufficiently alarmed by this alleged deficiency that he

---

[4] Defendant Ben L. Schachter, D.V.M., Inc.'s Motion to Dismiss, with respect to the arguments made as to Count V, was withdrawn at the hearing. Additionally, both sides agreed at the hearing that "Wellington Equine Associates" is a fictitious name registered to Ben L. Schachter, D.V.M., Inc. Accordingly, if and when Plaintiff amends his Complaint, the Court requires Plaintiff clarify that Wellington Equine Associates is not a separate entity and defendant, but rather the fictitious name of Ben L. Schachter, D.V.M., Inc. *See Zolin v. Caruth*, No. 3:09cv38–WS, 2009 WL 2982907, at *11 (N.D. Fla. Sept. 14, 2009) (requiring the same). The amended complaint should remove Wellington Equine Associates as a defendant. Assuming Plaintiff wishes to continue with his claims against Ben L. Schachter, D.V.M., Inc., that defendant should be listed as "Ben L. Schachter, D.V.M., Inc. d/b/a Wellington Equine Associates."

[5] In his Complaint, Plaintiff details the ways in which improperly positioning a horse during and after it is anesthetized may be dangerous for the animal. *See* Compl. ¶ 39. He also alleges that the treatment provided by WEA and its staff in this respect was in violation of the Guidelines for Anesthesia in Horses, published by the American College of Veterinary Anesthesia and Analgesia, and that it violated Equine Board Review Procedures. *Id.*

3

made arrangements to borrow an Anderson Lift and have it sent to WEA. *Id.* ¶ 41. WEA's premises could not accommodate the Anderson Lift that Plaintiff delivered, however, because the building owned by Defendant Schachter 5320, L.L.C. was not properly equipped with a hoist or with support for a hoist. *Id.* ¶ 42. Plaintiff himself had to assist WEA with ongoing construction on the premises so that a proper hoist could be installed and the Anderson Lift could be used. *Id.* ¶¶ 42–45.

### C.   Corporate Alter Egos (Count VII)

In Plaintiff's Count VII, he alleges that Defendants Ben L. Schachter, D.V.M., Inc., Wellington Equine Associates, Schachter 5320, L.L.C., Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C. (collectively, "the corporate defendants") are Dr. Schachter's corporate alter egos, and that the corporate entities should be disregarded. *Id.* ¶ 76. Specifically, he alleges:

> Ben L. Schachter, D.V.M., Inc.; Wellington Equine Associates; Schachter 5320, L.L.C.; Schachter D.V.M., L.L.C.; Schachter Management, L.L.C.; and Schachter Notes, L.L.C. are single owner entities which operate out of the same facility located at 5320 South Shore Blvd., Wellington, Florida 33449 and are controlled by and used by Dr. Schachter for his own benefit with disregard of corporate formalities and to hide his assets and to shield his assets from his creditors. As such, the corporate entities should be disregarded.

*Id.* That is the gist of Plaintiff's allegations with respect to Defendants Ben L. Schachter, D.V.M., Inc. and Defendant Wellington Equine Associates.[6]

With respect to Defendants Schachter 5320, L.L.C., Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C., Plaintiff additionally alleges that these corporate entities were "created by Dr. Schachter, according to a letter he wrote to [Plaintiff] on March 24, 2014, as part of 'an extremely sophisticated estate plan that began in 1993. That plan

---

[6] The Complaint alleges that "Wellington Equine Associates" is a fictitious name registered with the Florida Secretary of State to Ben L. Schachter, D.V.M., Inc. *Id.* ¶ 7.

4

organizes our assets into various entities making it impossible to collect money from us in any way, shape or form.'" *Id.* ¶¶ 8, 9, 10, 11. Plaintiff further alleges that these corporate entities are instrumentalities created by Dr. Schachter to shield himself, Mrs. Schachter, and/or the other corporate defendants (including Ben L. Schachter, D.V.M., Inc. and Wellington Equine Associates) from their creditors, "because none of these defendants obtained malpractice or any type of insurance to cover their professional liabilities." *Id.*

The letter from Dr. Schachter is quoted more fully later in the Complaint. Plaintiff alleges it reads as follows:

> [Y]ou should be aware that neither my wife nor myself carry any professional liability insurance. What we do have, however, is an extremely sophisticated estate plan that began in 1993. That plan organizes our assets into various entities making it impossible to collect money from us in any way, shape or form. Further proof of this can be obtained by reading the attached judgment that Iberia bank has recorded against my wife and myself. Despite them spending over 200 hours litigating and attempting to collect this judgement, they have been unable to collect one dime thusfar [*sic*]. If you are successful in obtaining a judgement against us, which I doubt you will be, you will be in line behind them.

*Id.* ¶ 51.[7] Defendants Ben L. Schachter, D.V.M., Inc., Schachter 5320, L.L.C., Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C. have moved to dismiss Count VII in their Motions.

---

[7] Defendants argue that the letter was sent to Plaintiff as part of settlement negotiations and that it is inadmissible under Florida's litigation privilege. *See, e.g.*, DE 33 at 2 n.1. First, the Complaint—to which the Court's review is limited at this stage of the litigation—does not state that the letter was part of settlement negotiations. Second, Plaintiff alleges that the letter was sent to him on March 24, 2014, months before the commencement of this action. "The litigation privilege protects only acts that take place during the course of a judicial proceeding, not those that take place before one begins." *Century Senior Services v. Consumer Health Benefit Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011); *see also Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("[P]articipants in judicial proceedings must be free from the fear of *later* civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim." (emphasis added)). Accordingly, the Court will not exclude it from consideration, at least at this stage.

5

## II.     LEGAL STANDARD

### A.     Rule 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires that any claim contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To comply with Rule 8(a)(2), a complaint must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is plausible on its face where the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations; however, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678.

### B.     Rule 9(b)

In addition to satisfying the pleading requirements of Rule 8(a)(2), a claim sounding in fraud must be stated with sufficient particularity to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." "Because fair notice is [p]erhaps the most basic consideration underlying Rule 9(b), the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (quoting *Vicom, Inc. v.*

6

*Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777–78 (7th Cir. 1994)) (internal quotation marks and citation omitted). Accordingly,

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks*, 116 F.3d at 1371) (internal quotation marks omitted). "Essentially, the requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the of the underlying acts and transactions allegedly constituting fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2014 WL 6480656, at * 11 (S.D. Fla. Nov. 17, 2014) (quoting *United States* ex rel. *Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007)) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Fraudulent Misrepresentation (Count V)

Under Florida law, "there are four elements of fraudulent misrepresentation: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (per curiam) (internal quotation marks omitted). Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to claims for fraudulent misrepresentation. *Twinstar Partners, LLC v. Diamond Aircraft Indus., Inc.*, No. 11-61684-CIV, 2013 WL 3288560, at *3 (S.D. Fla. June 28, 2013).

The Court finds that Plaintiff has failed to plead his claim of fraudulent misrepresentation against Mrs. Schachter, Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C. with particularity, as required by Federal Rule of Civil Procedure 9(b). Plaintiff does not allege that any of these defendants made statements which were false. With respect to Mrs. Schachter, it is only alleged that she told Dr. Schachter and Dr. Nixon during the surgery on Plaintiff's horse that "we have to speed it up," and that afterwards she remarked that "the operation was too long." Compl. ¶¶ 36–37. Plaintiff has not alleged these are false statements, and indeed, it is his argument that these are *true* statements—that the surgery should have been performed in less time, and that its length contributed to his horse's problems. *Id.* ¶¶ 36, 38. With respect to the other defendants mentioned at the beginning of this paragraph, Plaintiff has not alleged that they made any statements at all. Count V is dismissed as to these defendants without prejudice.

### B.   Premises Liability (Count VI)

"The elements for negligence are duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant's possession or control of the premises and notice of the dangerous condition." *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. Dist. Ct. App. 2001). "A property owner or occupier has two duties toward invitees: (1) to keep his property in reasonably safe condition and to protect the invitee from dangers of which he is or should be aware; and (2) to warn the invitee of concealed dangers which are or should be known to the owner or occupier and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." *Kaid v. Store Cent. Food Mkt., Inc.*, 668 So. 2d 1110, 1111 (Fla. Dist. Ct. App. 1996).

The Court finds that Plaintiff has not stated a claim for premises liability against Defendant Schachter 5320, L.L.C. Plaintiff has not clearly alleged that Schachter 5320, L.L.C. or its agents were aware of the alleged deficiencies of the premises. Moreover, and as noted at the hearing, the Court is unaware of a legal basis for the proposition that a missing piece of equipment allegedly required for equine surgery could reasonably be considered a "danger" to those coming onto the premises. The Court was unable to find any factually analogous cases where a premises liability claim survived a motion to dismiss. Additionally, and as Plaintiff conceded at the hearing, he was unable to find any case law supporting his legal theory that his horse could qualify as a business invitee for purposes of a premises liability claim. Plaintiff's Count VI against Defendant Schachter 5320, L.L.C. is dismissed without prejudice.

### C.      Piercing the Corporate Veil (Count VII)

At the pleading stage, "[a] party seeking to pierce the corporate veil and prove alter ego liability must show both a blurring of corporate lines, such as ignoring corporate formalities or using a corporation for the stockholder's personal interest, and that the stockholder used the corporation for some illegal, fraudulent or other unjust purpose." *Century Senior Servs. v. Consumer Health Benefit Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011) (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984)). "[M]ere failure to observe corporate formalities alone is not enough. Rather, Florida courts require proof of *deliberate* misuse of the corporate form—tantamount to fraud—before they will pierce the corporate veil. Thus, absent proof of fraud or ulterior motive by the shareholder, the corporate veil shall not be pierced." *John Daly Enterprises, LLC v. Hippo Golf Co.*, 646 F. Supp. 2d 1347, 1353 (S.D. Fla. 2009) (internal quotation marks omitted).

The Court finds that Plaintiff has failed to state a claim for piercing the corporate veil. With respect to Defendants Ben L. Schachter, D.V.M., Inc., Wellington Equine Associates, Schachter 5320, L.L.C., Schachter D.V.M., L.L.C., Schachter Management, L.L.C., and Schachter Notes, L.L.C., Plaintiff has not alleged that corporate lines were blurred, or that corporate formalities were disregarded. Moreover, with respect to Defendant Ben L. Schachter, D.V.M., Inc., the defendant to which the fictitious name of "Wellington Equine Associates" is assigned, Plaintiff has not alleged that the entities were created for any improper purpose.

The Court further notes that in its research, it has been unable to find a factually analogous case where a claim for piercing the corporate veil ultimately survived a motion to dismiss. To the extent that Dr. and Mrs. Schachter may benefit from the estate plan, Plaintiff has not alleged that the corporations were created strictly "to mislead or defraud creditors," *see Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. Dist. Ct. App. 2000), or that he (Plaintiff) is a creditor. The Court believes that Plaintiff's claims for piercing the corporate veil merit dismissal for this reason as well. Accordingly, Count VII is dismissed without prejudice as to all defendants named therein.

## IV.   CONCLUSION

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Schachter 5320, L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 33] is **GRANTED**. Counts VI and VII, as plead against Defendant Schachter 5320, L.L.C., are **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Kathryn B. Schachter's Motion to Dismiss Complaint for Failure to State a Claim [DE 45] is **GRANTED**. Count V, as plead against Defendant Kathryn B. Schachter, is **DISMISSED WITHOUT PREJUDICE**.

3. Defendant Schachter, D.V.M., L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 46] is **GRANTED**. Counts V and VII, as plead against Defendant Schachter, D.V.M., L.L.C., are **DISMISSED WITHOUT PREJUDICE**.

4. Defendant Schachter Management, L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 47] is **GRANTED**. Counts V and VII, as plead against Defendant Schachter Management, L.L.C., are **DISMISSED WITHOUT PREJUDICE**.

5. Defendant Schachter Notes, L.L.C.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 48] is **GRANTED**. Counts V and VII, as plead against Defendant Schachter Notes, L.L.C., are **DISMISSED WITHOUT PREJUDICE**.

6. Defendant Ben L. Schachter, D.V.M., Inc.'s Motion to Dismiss Complaint for Failure to State a Claim [DE 49] is **GRANTED**.[8] Count VII, as plead against Defendant Ben L. Schachter, D.V.M., Inc., is **DISMISSED WITHOUT PREJUDICE**.

If Plaintiff chooses to file an amended complaint, he must do so within ten (10) days of the date of rendition of this Order. Defendants shall have ten (10) days from the date they are served a copy of the amended complaint to file an answer or responsive motion. To extent this conflicts with the amended pleadings deadline currently in place, this Order supersedes that deadline.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 26th day of March, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[8] As noted *supra*, Defendant Ben L. Schachter, D.V.M., Inc.'s Motion was withdrawn with respect to Count V.