**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  9:14-CV-81483-ROSENBERG/BRANNON**

CAMILO K. SALAS III,

     Plaintiff,

v.


BEN L. SCHACHTER, D.V.M., INDIVIDUALLY;
BEN L. SCHACHTER, D.V.M., INC.; WELLINGTON
EQUINE ASSOCIATES; SCHACHTER 5320, L.L.C.;
SCHACHTER D.V.M., L.L.C.; SCHACHTER
MANAGEMENT, L.L.C.; SCHACHTER NOTES,
L.L.C.; KATHRYN B. SCHACHTER; ALAN J.
NIXON, D.V.M.; AND CORNELL UNIVERSITY,

     Defendants.
_____/

**ORDER GRANTING DEFENDANT CORNELL**
**UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Cornell University's Motion for Summary Judgment [DE 111].  Plaintiff filed a Response to the Motion.  DE 116.  The Court has reviewed the documents in the case file and is fully advised in the premises.  For the reasons set forth below, the Motion is granted as Plaintiff has failed to produce any relevant evidence whatsoever in opposition to the Motion which, by contrast, is supported by substantial evidence.

**I.      BACKGROUND**

Plaintiff, a licensed lawyer proceeding *pro se*, is the owner of a horse.  Plaintiff sued Defendants in connection with allegation that his horse received deficient medical care.  The crux of Plaintiff's case is that two Defendants, Dr. Ben Schachter and Dr. Alan Nixon, committed malpractice while performing surgery on Plaintiff's horse.  Plaintiff has brought suit against Defendant Cornell University because Dr. Nixon is a professor at large for that institution.

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party.  *See Shiver*, 549 F.3d at 1343.

## III.    ANALYSIS AND CONCLUSION

Plaintiff's Complaint could be construed to bring two counts against Cornell: Count II ("Veterinarian Professional Negligence or Malpractice Against . . . Cornell University") and Count IV ("Liability of Cornell University for its Own Negligence and Vicarious Liability of Cornell University for Acts of Professional Negligence committed by Alan J. Nixon, D.V.M."). Both counts are premised upon the contention that Cornell is liable for Dr. Nixon's alleged malpractice on Plaintiff's horse.  Under Florida law, Plaintiff must show that Dr. Nixon's work in Florida was within the scope of his employment for Cornell.  *See, e.g.*, *Spencer v. Assurance Co. of Am.*, 39 F.3d 1146, 1150 (11th Cir. 1994).  An action falls within the scope of employment if it "(1) is the kind [of work an] employee was employed to perform, (2) [the work] occurred within the time and space limits of the employee's employment, and (3) [the work] was activated at least in part by a purpose to serve the employment."  Here, Plaintiff's claims fail under all three prongs of inquiry.  *Id.*

The evidence submitted by Cornell establishes that Cornell had no connection with the alleged acts in this case:

- Dr. Nixon was not acting as an employee of Cornell when he performed surgery on Plaintiff's horse.[1]  DE 113 at 2.

- Cornell permits its employees to engage in outside consulting.  *Id.*

---

[1] In the interest of brevity, the Court confines citations to the record to the docket entry containing Cornell's statement of material facts which are properly supported by citations to evidence.

- Cornell employees who consult with outside entities must report their activities to Cornell.  *Id.* at 2-3.

- Dr. Nixon filed a report with Cornell that indicated his work (for the Defendant entities in this case) was "not related to [his] Cornell research or duties."  *Id.* at 3.

- Cornell has no business relationship with the other entity Defendants in this case.  *Id.* at 4.

- Cornell does not provide veterinary services in the state of Florida, nor did it provide such services during the times at issue in this case.[2]  *Id.*

- Cornell received no compensation for the services Dr. Nixon provided in this case.  *Id.*

Based upon these facts as well as other facts in the record, the Court concludes that the work Dr. Nixon performed in this case was not the kind of work he performed for Cornell—he was a professor at large, not a surgeon at large.  The Court also concludes that Dr. Nixon's alleged malpractice did not occur within the time and space limits of his employment at Cornell.  Finally, the Court concludes that Dr. Nixon's alleged malpractice was not undertaken in part to serve his employment at Cornell.  The mere fact that his independent, outside consulting work may have had the result of making him a more knowledgeable employee is of no import.  In summary, Cornell's evidence establishes that it had no connection with the events in this case whatsoever.  Thus, Cornell's evidence establishes that it is at least facially entitled to summary judgment.  The Court therefore turns its attention to Plaintiff's Response to the Motion.

Plaintiff's "Response to the Statement of Material Facts Submitted by Cornell University" is procedurally improper and is deficient.  Pursuant to Local Rule 56.1(a), a statement of material facts must "[b]e supported by *specific* references to pleadings, depositions, answers to

---

[2] Similarly, the evidence establishes that Dr. Nixon was not functioning as Cornell's agent in the state of Florida providing, on Cornell's behalf, veterinary services.

4

interrogatories, admissions, and affidavits on file with the Court." (emphasis added).  Plaintiff's Statement of Material Facts contains no specific citations whatsoever.  Instead, the bulk of Plaintiff's Statement of Material Facts merely reads: "Please see Plaintiff's Memorandum in Opposition to Cornell University's Motion for Summary Judgment."  Plaintiff therefore shifts the burden onto the Court to sift through Plaintiff's Response and to guess as to which of Plaintiff's evidentiary citations are intended to correspond to each of Cornell University's Statements of Material Fact.  This is improper and is precisely why Local Rule 56.1(a) requires a party to make *specific* citations to the record.  Furthermore, Plaintiff has filed eleven exhibits in support of his Response to his Motion for Summary Judgment, and those exhibits span 1,301 pages.  Some of Plaintiff's citations to these exhibits lack pincites, which would require the Court to review the 1,301 pages and "undertake an expedition . . . with the hope of stumbling upon some portion [of the record] that merely 'suggests' a disputed issue of fact."  *Henry v. City of Tallahassee*, 216 F. Supp. 2d 1299, 1311-12 (N.D. Fla. 2002).  This the Court will not do.

Local Rule 56.1(b) addresses the situation where a party files a deficient statement of material facts:

> All material facts set forth in the movant's statement filed and supported as required above *will* be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

(emphasis added).  As discussed above, the Court concludes that Cornell's Statement of Material Facts is supported by evidence in the record.  Therefore, because Plaintiff's Statement of Material Facts is deficient under Local Rule 56.1(a), Cornell's Statements of Material Fact are deemed admitted.  *See Sanchez v. Miami-Dade Dep't of Corr. & Rehab.*, No. 05-22655-CIV, 2008 WL

1995007 (S.D. Fla. May 8, 20018) (citing old Local Rule 7.5, renumbered as 56.1 effective December 1, 2011).  Cornell is therefore entitled to summary judgment on this basis alone.

To the extent Plaintiff would attempt to rely upon his *pro se* status to forgive his failure to comply with Local Rules, this argument is unpersuasive.  Plaintiff is an attorney experienced in litigation, as exemplified by Plaintiff's recent appearance and censure in national legal news.[3]

In the alternative, the Court has attempted to compare Plaintiff's citations to the record (Plaintiff's Response does contain some pincites) to Cornell's Statement of Material Facts.  The Court finds that summary judgment must still be entered in favor of Cornell.  This is because Plaintiff's record citations tend to support Cornell, not Plaintiff, and because Plaintiff's counterarguments are essentially nonresponsive to the points raised in Cornell's Motion for Summary Judgment.  In lieu of directly responding to the instant Motion, Plaintiff's Response focuses extensively on the allegation that Dr. Nixon practices veterinary medicine without a license.  This is not a matter before the Court.  Plaintiff also focuses on allegations that Defendants engaged in false advertising pertaining to the level of involvement Cornell University was purported to have with the Defendant business entities.  A false advertising claim is not before the Court.  Plaintiff presses the argument that Cornell's University Handbook was violated by Dr. Nixon.  This is not a matter before the Court. What the Court must decide is whether the work Dr. Nixon performed "(1) is the kind [of work an] employee was employed to perform, (2) [the work] occurred within the time and space limits of the employee's employment, and (3) [the work] was activated at least in part by a purpose to serve the employment."  *See, e.g.*, *Spencer v. Assurance Co. of Am.*, 39 F.3d 1146, 1150 (11th Cir. 1994).

---

[3] See *Cruz-Aponte et al. v. Caribbean Petroleum Corp., et al.*, No. 09-cv-02092 (D.P.R. Aug. 17, 2015), which the Court takes judicial notice of.  *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

Plaintiff devotes extensive argument to the proposition that Dr. Nixon was an agent of Cornell University with respect to the alleged malpractice in this case.  Even if the Court were to conclude that this legal theory is properly pled in Plaintiff's Complaint, this argument is supported by no evidence.  There is no evidence that Cornell University allowed or caused Plaintiff to believe that Dr. Nixon was authorized to perform surgery *on Cornell's behalf* at the veterinary practice at issue in this case.  Plaintiff's subjective belief on this matter is completely untenable:

> Q: Do you have any factual basis for claiming that Cornell University controlled Dr. Nixon's conduct in any way when he operated on your horse.
>
> A [Plaintiff]: What do you mean by control?
>
> Q: I'm using in the sense of having an ability to tell him what to do.
>
> A: Well, I don't understand your question, sir, because Mr. Nixon is Cornell. Dr. Nixon is Cornell.
>
> Q: In anything he does?
>
> A: He is Cornell.

DE 113-15 at 100.  The gravamen of Plaintiff's opposition is that he was given the impression that Cornell University was essentially providing veterinary services to him and that Dr. Nixon was merely the agent through which Cornell University provided those services.[4]  *See* DE 120 at 2.  Plaintiff's subjective belief that Dr. Nixon is equivalent to Cornell University is without evidentiary support and, notably, this portion of Plaintiff's Response contains no citations to the record.  The Court concludes that no reasonable jury could find that Dr. Nixon was an agent, for the purposes of the facts in this case, for Cornell University.

---

[4] Plaintiff also attempts to press an argument that involves, in some fashion, research involving stem cells, however, this claim is belied by Plaintiff's concession at his deposition that he is not pursuing a claim based upon stem cells and is, in any event, also refuted by other evidence in the record that contradicts such claims.  *See* DE 112 at 8.

In conclusion, Plaintiff's impressions and subjective belief are adequately characterized as a "mere scintilla" of evidence insufficient to defeat summary judgment. *E.g., Gunning v. Cooley*, 281 U.S. 90, 94 (1930). Although a common and connecting theme can be detected in the various arguments in Plaintiff's Response, Plaintiff fails to provide cogent, relevant evidence that refutes the evidence provided by Cornell. Instead, much of Plaintiff's proffered evidence supports Cornell and the remainder of Plaintiff's evidence is irrelevant. It is therefore **ORDERED AND ADJUDGED** that Defendant Cornell University's Motion for Summary Judgment [DE 111] is **GRANTED** and Defendant Cornell University is **DISMISSED FROM THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 31st day of August, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

8