UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-81483-Civ-Rosenberg/Brannon

CAMILO K. SALAS, III,

    Plaintiff(s),

vs.

WELLINGTON EQUINE ASSOCIATES, et al.,

    Defendant(s).

_____/

REPORT AND RECOMMENDATION ON
MOTIONS FOR SUMMARY JUDGMENT (DE 126 & DE 127)

THIS CAUSE is before the Court upon Defendant Kathryn Schachter's Motion for Partial Final Summary Judgment (DE 126), Defendant Ben L. Schachter's Motion for Final Summary Judgment as to Count II for Negligence/Malpractice (DE 127), and *pro se* Plaintiff Camilo K. Salas's response in opposition to the motions (DE 137). For the reasons stated herein, the Court respectfully recommends that Defendants' motions (DE 126 and DE 127) be DENIED.

I.     BACKGROUND

Plaintiff, a licensed attorney proceeding *pro se*, is the owner of a horse that underwent a surgical procedure on November 26, 2012 at Wellington Equine Associates, an Equine Hospital and Surgical Facility. Plaintiff alleges, in part, that Defendants Kathryn Schachter ("Mrs. Schachter") and Ben L. Schachter, D.V.M. ("Dr. Schachter") committed professional negligence or malpractice in connection with the surgery performed on Plaintiff's horse's leg. During the surgical procedure, Mrs. Schachter acted as the nurse anesthetist, and Dr. Schachter acted as assistant surgeon. Defendant Alan J. Nixon, D.V.M. ("Dr. Nixon") acted as primary surgeon.

1

The horse was kept under anesthesia during the surgery for at least four hours by Mrs. Schachter. Plaintiff is suing Mrs. Schachter for professional negligence arising out of her work as the nurse anesthetist. Specifically, Plaintiff maintains that the horse was kept under anesthesia for far too long, resulting in injuries to the horse. Mrs. Schachter seeks final summary judgment on this allegation (DE 126), which is included in Count II of Plaintiff's First Amended Complaint (DE 75).

Plaintiff is suing Dr. Schachter, in part, for veterinary malpractice and/or negligence for the following reasons: performing an excessively long surgery on the horse and failing to take proper steps to prevent the horse's post-anesthetic myopathy and jugular thrombosis. Dr. Schachter seeks final summary judgment on these allegations (DE 127), which are included in Count II of Plaintiff's First Amended Complaint (DE 75).

The Authorization for Treatment ("Authorization") signed by Plaintiff gave permission to Wellington Equine Associates to perform the following procedures on the horse: general anesthesia, tenoscopy, post surgical care and hospitalization. DE 126-3. The Authorization also states that Plaintiff "agree[s] to hold Wellington Equine Associates, its doctors and employees harmless from circumstances arising out of the performance of their duties. [Plaintiff] also acknowledge[s] that the risks associated with the above mentioned procedure(s) have been explained to [him] and [he] understand[s] them fully." *Id.* Defendants argue that, based the clear language of the Authorization which Plaintiff understood and agreed to, they are entitled to summary judgment on Plaintiff's claim for professional negligence or malpractice in connection with the surgery performed on Plaintiff's horse.

Plaintiff contends that the Authorization does not hold Defendants harmless for their own negligent acts, and even if it did, the Authorization does not apply in this case because

Defendants performed an adhesiolysis on the horse, a procedure Plaintiff maintains he had no knowledge of, and it was not listed as a procedure in the Authorization. DE 137.

## II. STANDARD OF REVIEW

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). The movant bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotations omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). But, "[i]f the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted); *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (explaining that where the nonmovant bears the burden of persuasion on a claim, it must come forward with more than a mere scintilla of evidence supporting its position). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

Although *pro se* litigants are entitled to a liberal construction of their pleadings, a *pro se* litigant does not escape the strictures of Rule 56. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III. DISCUSSION

As the moving party, Defendants bear the initial burden of showing there is no genuine issue of material fact to be decided at trial. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the burden then shifts to the nonmoving party, whereupon he must demonstrate that there is a material issue of fact which would preclude summary judgment. *Id.* at 322. The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. *Id.* Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

Here, the Court finds that Plaintiff, as the nonmoving party, has demonstrated that there exists a material issue of fact as to whether the Authorization even applies. Specifically, there is a question as to what procedure(s) were authorized by Plaintiff and subsequently performed on the horse by Defendants which led to the alleged injuries.[1] Plaintiff argues that in addition to the tenoscopy performed on the horse an adhesiolysis was also performed, but Plaintiff maintains he had no knowledge of this procedure and never authorized it. In support of his contention that the adhesiolysis was performed, Plaintiff cites to Dr. Nixon's Surgery Report, which includes adhesiolysis as a surgical procedure performed on Plaintiff's horse. *See* DE 144 at 20. The Court notes that an adhesiolysis is not one of the procedures listed as a procedure in the Authorization.

---

[1] Because the Court narrows its analysis to this issue, it will not submit a recommendation as to the effect of the "hold harmless" language in the Authorization.

4

In addition, Plaintiff has set forth sufficient evidence beyond the pleadings to show that a reasonable jury could find in his favor on the issues of professional negligence or malpractice. Specifically, Plaintiff submitted the Case Report of Robert P. Boswell, D.V.M. ("Dr. Boswell") in which Dr. Boswell opined that: (1) the horse developed myositis and radial nerve paralysis as a result of prolonged hypotension during anesthesia; (2) once the risk for developing laminitis was identified, preventative measures should have been implanted immediately; and (3) once the horse was diagnosed with laminitis, aggressive emergency treatment should have been administered immediately. *Id.* at 24. Dr. Boswell found that all three actions or inactions represented a breach of the standard of veterinary care which resulted in the horse's injuries. *Id.* Plaintiff also submitted the Case Report of Elaine Carpenter, D.V.M. ("Dr. Carpenter") in which Dr. Carpenter opined, in part, that "[m]yopathy of the muscles in the [horse's] left forelimb is likely due to prolonged anesthesia with a low mean blood pressure." *Id.* at 32. Plaintiff cites to deposition testimony from Mrs. Schachter in which Mrs. Schachter says she gave the horse two separate doses of a drug used for sedation after Dr. Schachter determined the horse needed them. *Id.* at 37-39.

The Court finds that Plaintiff has provided sufficient evidence, viewed in the light most favorable to Plaintiff, to survive summary judgment. There is evidence to support Plaintiff's claim that Mrs. Schachter committed professional negligence arising out of her work as the nurse anesthetist because medical experts opined that injury to the horse occurred, in part, because of prolonged anesthesia. In addition, Plaintiff has set forth evidence to support the allegations that Dr. Schachter committed veterinary malpractice and/or negligence for performing an excessively long surgery on the horse and failing to take proper steps to prevent the horse's post-anesthetic injuries.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Defendant Kathryn Schachter's Motion for Partial Final Summary Judgment (DE 126) and Defendant Ben L. Schachter's Motion for Final Summary Judgment as to Count II for Negligence/Malpractice (DE 127) be DENIED.

## V. NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Robin L. Rosenberg, within **10 days** after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. LR 4(a) (explaining that "[a]ny party may appeal from a Magistrate Judge's order determining a motion . . . within fourteen (14) days after being served with the Magistrate Judge's order, *unless a different time is prescribed by the Magistrate Judge*) (emphasis added). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 28th day of October, 2015.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE