UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-81483-RLR

CAMILO K. SALAS, III,

    Plaintiff,

v.

BEN L. SCHACHTER, D.V.M. individually,
BEN L. SCHACHTER, D.V.M., INC.;
WELLINGTON EQUINE ASSICATES;
SCHACHTER 5320, LLC, SCHACHTER D.V.M.,
LLC; SCHACHTER MANAGEMENT, LLC,
SCHACHTER NOTES, LLC, KATHRYN B. SCHACHTER;
ALAN NIXON, D.V.M, & CORNELL UNIVERSITY,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant Kathryn Schachter's Motion for Partial Final Summary Judgment [DE 126] and Defendant Ben L. Schachter's Motion for Final Summary Judgment as to Count II for Negligence/Malpractice [DE 127]. Both of these motions were referred for appropriate disposition to the Honorable Dave Lee Brannon. DE 153. On October 28, 2015, Judge Brannon issued his Report and Recommendations [DE 161] recommending that both Motions be denied. Defendant Kathryn Schachter filed objections [DE 168] and Defendant Ben. L. Schachter did not.[1] The Court has conducted a *de novo* review of Magistrate Judge Brannon's Report and Recommendations, has reviewed Defendant's objections, has reviewed the record, and is otherwise fully advised in the premises.

Upon review, the Court finds Judge Brannon's recommendations to be well reasoned and

---

[1] Defendant Ben L. Schacter did file objections to another Report and Recommendation which is addressed in a separate order.

1

correct.  The Court agrees with the analysis in Judge Brannon's Report and Recommendations and concludes that Judge Brannon's conclusions should be adopted, however, Defendant's objections do warrant discussion.

The central issue before Judge Brannon was the applicability of a hold-harmless clause that was contained in an authorization for treatment signed by Plaintiff.  Judge Brannon concluded that because there was a question of material fact as to whether the scope of that authorization was exceeded by Defendants, the hold-harmless clause did not apply to Plaintiff's claims.  Judge Brannon did not cite authority for that proposition.  Defendant argues that if the scope of authorized treatment was exceeded, she cannot not be held liable because she was merely a nurse anesthetist—she had no authority to end the procedure or otherwise object to the scope of work performed by the attending surgeons at such time as the scope of agreed-upon treatment was exceeded.  Ultimately, Defendant's objections are irrelevant.

Defendant's objections are irrelevant because the hold-harmless clause did not cover the negligent acts of Defendant for *any* portion of the treatment—not just the portion of the treatment that may have exceeded that which was authorized by Plaintiff.  Public policy disfavors exculpatory contracts because they relieve one party of the obligation to use due care and shift the risk of injury to the party who is probably least equipped to take the necessary precautions to avoid injury and bear the risk of loss.  *Applegate v. Cable Water Ski, L.C.*, 974 So. 2d 1112, 1114 (Fla. Dist. Ct. App. 2008).  Nevertheless, because of a countervailing policy that favors the enforcement of contracts, as a general proposition, unambiguous exculpatory contracts are enforceable unless they contravene public policy.  *Id.*  Exculpatory clauses are unambiguous and enforceable where the intention to be relieved from liability was made clear and unequivocal and the wording was so clear and understandable that an ordinary and knowledgeable person will

know what he or she is contracting away. *Cain v. Banka*, 932 So. 2d 575, 578 (Fla. Dist. Ct. App. 2006).

Here, Defendant cites to a single case for the proposition that the exculpatory clause in this case bars Plaintiff's negligence claims, the case of *Sanislo v. Give Kids the World, Inc.*, 157 So. 3d 256 (Fla. 2015). Defendant cites that case for the proposition that an exculpatory clause need not contain an express waiver of the right to sue for negligence (for negligence claims to be precluded), and *Sanislo* does stand for that proposition. *Id.* at 271. *Sanislo*, however, is clearly distinguishable from this case. In *Sanislo* the exculpatory clause read as follows:

> [Defendant is released from] **any liability whatsoever** in connection with the preparation, execution, and fulfillment of said wish . . . [and] **any and all claims and causes of action of every kind** arising from **any and all** physical or emotional injuries and/or damages which may happen to [plaintiff]. [This release also includes] damages or losses or injuries encountered in connection with transportation, food, lodging, medical concerns (physical and emotional), entertainment, photographs and physical injury of any kind.

*Id.* at 261 (emphasis added). The language at issue in *Sanislo* was extremely broad and extremely clear, and in light of this breadth and clarity the Florida Supreme Court held that the language clearly and unequivocally precluded the plaintiff from bringing negligence claims. *See id.* at 269-71. The waiver in *Sanislo* stands in stark contrast to the waiver in this case, which reads:

> I agree to hold [Defendants] harmless from circumstances arising out of the performance of their duties. I also acknowledge the risks associated [with treatment] have been explained to me and I understand them fully.

DE 126-3. Further contrasting *Sanislo* from the instant case is in *Sanislo* the Florida Supreme Court noted that it was important to its decision that the activities at issue (residing at a resort) "were not inherently dangerous," whereas in the instant case an ordinary person *would* contemplate a more inherently risky activity—intensive surgery. *See id.* at 271.

3

Unlike *Sanislo*, the hold-harmless clause[2] in this case does not use clear and unequivocal wording, such that an ordinary and knowledgeable person would know what he or she was contracting away—the right to sue for negligent acts.[3]  *See also Torjagbo v. U.S.*, 285 F. App'x 615 (11th Cir. 2008) (exculpatory clauses in Florida are strictly construed against the party seeking to be relieved of liability).  Accordingly, Judge Brannon's determinations were correct and the Court adopts his Report.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Brannon's Report and Recommendations [DE 161] is hereby **ADOPTED** and supplemented by the Court's rulings in this Order;

2. Defendant Kathryn Schachter's Motion for Partial Final Summary Judgment [DE 126] is **DENIED**; and

3. Defendant Ben L. Schachter's Motion for Final Summary Judgment as to Count II for Negligence/Malpractice [DE 127] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 12th day of November, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[2] The parties appear to dispute, to an extent, whether different law applies to waivers than to hold-harmless clauses or whether the hold-harmless clause in this case is more properly construed as an indemnification.  Here, the Court's decision would apply even if *Sanislo* was intended to apply narrowly because Florida precedent prior to *Sanislo* required that negligence be expressly referenced in exculpatory clauses.  *See, e.g.*, *Cox Cable Corp. v. Gulf Power Co.*, 591 So. 2d 627 (Fla. 1992); *Univ. Plaza Shopping Cent. v. Stewart*, 272 So. 2d 507 (Fla. 1973).  Notably, however, the waiver in *Sanislo* **did** contain a hold-harmless provision, and the dissent in *Sanislo* indicates that the decision in that case did apply to hold-harmless clauses.  *See Sanislo*, 157 So. 3d at 259, 272 ("I disagree with the decision of the majority that such explicit warning is required only for valid indemnity agreements, but not for combined releases, indemnification, and hold harmless agreements, *such as the document in this case*.") (Lewis, J., dissenting) (emphasis added).

[3] The Court need not address whether the waiver would preclude claims for circumstances outside of the parties' control that arose independent of any negligent acts.